MEMORANDUM **
Plaintiff/Appellant Vickey Kraus sued Defendant/Appellee Presidio Trust Facilities Division for employment discrimination under Title VII of the Civil Rights Act of 1964 and the Rehabilitation Act of 1973. She appeals the district court’s oz-der granting summary judgment to the Presi-dio Trust. In a sepai-ate opinion filed concurrently with this memorandum, we reverse and remand as to those of Kraus’s claims the district court held unexhausted. In this memorandum, we affirm the district court’s order as to Kraus’s remaining claims.
A. Claims contained in the first EEO complaint
The district court granted summary judgment for Presidio Trust as to the three claims Kraus first raised in her first EEO complaint: (1) that Potts unjustifiably rated her communication skills as a “3” rather than a “4” on her pei-formance appi-aisal for the year 2002; (2) that Zipp denied her2 the EEO counselor of her choice; and (3) that Zipp accused her of sexually hai-assing a female co-employee. We affirm.
An employee alleging employment discrimination under Title VII must show that “(1) he is a member of a protected class; (2) he was qualified for his position; (3) he expei-ienced an adverse employment action; and (4) similarly situated individuals outside his protected class were treated *287 more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination.” Berry v. Dep’t of Soc. Servs., 447 F.3d 642, 656 (9th Cir.2006) (internal quotation marks omitted). Similarly, to show employment retaliation under Title VII, an employee must show that “(1) she was engaging in protected activity, (2) the employer subjected her to an adverse employment decision, and (3) there was a causal link between the protected activity and the employer’s action.” Bergene v. Salt River-Project Agric. Improvement & Power Dist., 272 F.3d 1136, 1140-41 (9th Cir.2001).
1. Kraus’s first claim, regarding the 2002 performance appraisal, fails because she has not shown the existence of any material facts which, if proven, would render this action an “adverse employment action.” Although undeserved performance ratings may constitute adverse employment actions, see Ray v. Henderson, 217 F.3d 1234, 1241 (9th Cir.2000), the raw scores of which Kraus complains are 3s— “fully successful” — and even if they had been 4s, her overall score would not have changed. Kraus has thus failed to show an issue of material fact regarding whether her raw scores had any adverse employment impact. Cf. Lyons v. England, 307 F.3d 1092, 1118 (9th Cir.2002) (holding that plaintiff failed to make out a prima facie showing of retaliation where he “d[id] not allege that NADNI management ha[d] ... relied upon the ‘fully successful’ evaluations in making a further employment decision adverse to [him]....”).
Kraus argues that she should have been given the opportunity to conduct discovery into whether raw scores, as opposed to the overall score, are used to determine “promotions, layoffis], and other matters.” We disagree. Under Federal Rule of Civil Procedure 56(f), a party opposing a summary judgment motion may seek a continuance for additional discovery if she “shows by affidavit that, for specified reasons, [she] cannot present facts essential to justify [her] opposition.” Kraus never filed such an affidavit or otherwise indicated with sufficient specificity what information she would seek if discovery were allowed. Vague assertions about the need for discovery are not sufficient for purposes of Rule 56(f). See Weinberg v. Whatcom County, 241 F.3d 746, 751 (9th Cir.2001); United States v. $5,611,510.00 in U.S. Currency, 799 F.2d 1357, 1363 (9th Cir.1986). The district court therefore did not abuse its discretion in refusing to permit additional discovery. See Surfvivor Media, Inc. v. Sunivor Prods., 406 F.3d 625, 630 (9th Cir.2005).
2. Kraus’s second claim fails because Kraus has never offered any explanation for how her assignment to a contract EEO counselor, rather than to a permanent counselor, produced any actual employment injury. Nor has she alleged that other similarly situated employees were treated differently.
3. Kraus’s last claim also fails. Zipp conveyed the information to Kraus about her co-worker’s sexual harassment complaint in a private meeting. Kraus has not alleged that Zipp made the information public or took any action to discipline Kraus on account of the suspected harassment. Kraus has thus failed to allege any facts that, if proven, would constitute an adverse employment action.
B. Claims contained in the second EEO complaint and not deemed unexhausted
As to the claims contained in Kraus’s second EEO complaint and not covered in the accompanying separate opinion, we af *288 firm the district court’s grant of summary judgment.
1. Kraus waived her claim that she was discriminatorily denied access to the all-male van pool. The 2003 report of EEO counselor Linda Semi states that “Kraus told the counselor that her concerns regarding the van pool were resolved and that the van pool was not at issue in this [2003] complaint.” Kraus has not denied this account of her conversation with Semi. Because Kraus waived her claim before the agency, she is barred from reviving it before the district court. See Stache v. Int'l Union of Bricklayers & Allied Craftsmen, 852 F.2d 1231, 1233-34 (9th Cir.1988).
2. There is no triable issue of fact as to whether Kraus’s poor rating in her 2004 performance appraisal was discriminatory. The Presidio Trust proffered a nondiscriminatory reason for Kraus’s poor rating: Blean stated that Kraus’s work product was markedly poorer than her colleagues’, that she was slower than the others to finish her assignments, and that he had to correct her calculations “90 percent of the time.” Kraus has not disputed Blean’s characterization of her work as below average or shown Blean’s reasons to be false or pretextual.
For similar reasons, there is no triable issue of fact as to whether Kraus’s 2004 performance rating was retaliatory: Kraus has not “produced sufficient evidence to raise a triable issue of fact as to whether the reason proffered by [Blean for the 2004 performance rating] ... was a pretext for unlawful retaliation.” Bergene, 272 F.3d at 1141. We therefore affirm the district court’s grant of summary judgment as to this claim.
C. New claims of sex discrimination and disability discrimination
Title VII and the Rehabilitation Act require that claims of discrimination first be presented to the agency. Lyons, 307 F.3d at 1104; Boyd v. U.S. Postal Serv., 132. F.2d 410, 412-13 (9th Cir.1985).
1. Kraus’s allegations that various co-workers and supervisors urinated or talked about their genitalia in front of her, or told sexually explicit stories about a woman pictured in a poster were all raised for the first time in her district court complaint and are not related to any of the claims in her prior EEO complaints. We therefore affirm the district court’s holding that they were unexhausted and cannot now be considered as part of her federal lawsuit. See Stache, 852 F.2d at 1233-34.
2. Similarly, Kraus’s claim that from August 2004 until January 2005, while she was out of work on workers’ compensation for a back injury, the human resources specialist spoke to her in a rude manner appeared for the first time in her district court complaint. It is not related to any of her previous claims before the agency, and so cannot be considered now.
CONCLUSION
For the foregoing reasons, we AFFIRM the district court’s grant of summary judgment as to all of Kraus’s claims, except those covered in the opinion filed simultaneously with this memorandum.

 This disposition is not appropriate for publication and is not precedent except as provided by 9lh Cir. R. 36-3.